UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23CV1018-PPS/JEM |
| ELIZABETH JOHNSON, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges that, on October 7, 2023, Elizabeth Johnson, of the prison's internal investigations department, took his property. A month later, he sent her a request asking that his property be returned. She said that she would not be returning the property because a conduct violation was pending. A hearing took place. Johnson does not indicate what he was charged with, if he was found guilty, or whether he was sanctioned. His property contained "legal stuff" that he needs to litigate civil cases

where he is proceeding without the benefit of counsel. ECF 1 at 4. Johnson does not identify the property with particularity. He likewise does not explain how any particular case has been adversely impacted. Johnson alleges that his property also included "medical stuff" that he needs. *Id.* It is not clear exactly what he is referring to, but he indicates he was forced to go without shoes and orthopedic heel cups he uses to reduce pain. He also indicates he does not have his glasses, which has caused headaches and made litigating his civil actions more difficult. He notes that his Bible was taken with his property. Johnson claims that the taking of his property violates the Due Process Clause, the Equal Protection Clause, the Americans with Disabilities Act, the Eighth Amendment, and the First Amendment.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's Tort Claims Act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation

2

remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them. Therefore, Johnson has not stated a due process claim.

Johnson will need to provide more information before I can determine if he can proceed under any of his remaining theories. Johnson will need to describe the nature of his disciplinary charges, whether he was found guilty, and what sanctions, if any, were imposed. Johnson will need to explain why he believes the Equal Protection Clause has been violated. He will need to provide more information about his disabilities, the "medical stuff" that was taken, and how he has been impacted by their loss. He will need to provide additional information about the "legal stuff" that was taken, the civil cases that he is litigating, and how they have been impacted by the loss of his "stuff." He will also need to provide more information about his communications with Elizabeth Johnson about his property. It is, for example, unclear if Johnson knew that there were legal, medical, or religious items in his property that he was requesting or if she knew why he was requesting those items.

Johnson has also sued Warden Galipeau because Johnson talked with Galipeau about these matters several times. Warden Galipeau told Johnson to stop asking him; he is aware. Johnson asked what he was going to do, and the warden said "nothing." Galipeau allegedly called Johnson a "crybaby" and told him that, if Johnson is not dead, Galipeau doesn't have time. Again, I need more information to determine if Johnson

can proceed against Warden Galipeau. I need to know more about which of Johnson's many concerns were communicated to Warden Galipeau, how Johnson's concerns were communicated, and how Warden Galipeau responded to each particular concern.

Johnson has named the Indiana Department of Correction as a defendant, but the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, but none are applicable here. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Because the State is immune from suit pursuant to the Eleventh Amendment, Johnson cannot proceed against the Indiana Department of Correction.

Finally, Johnson's complaint seeks an emergency injunction to receive his property right away. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Johnson's complaint does not state a claim, and his request for a preliminary injunction cannot be granted.

Johnson's complaint is short on facts, dates, and specifics about the nature of Johnson's claims. Based on what it does say, it is not plausible to infer that any

4

constitutional or statutory rights have been violated. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Johnson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause

5

number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

ACCORDINGLY, the court:

(1) GRANTS Christopher M. Johnson until **January 4, 2024**, to file an amended complaint; and

(2) CAUTIONS Christopher M. Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 4, 2023.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

---

[1] Pursuant to Northern District of Indiana Local Rule 7-6, Johnson is required to use this court's Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form.