UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23CV1018-PPS/JEM |
| ELIZABETH JOHNSON, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed an amended complaint. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson's amended complaint alleges essentially the same facts as his earlier complaint. Mr. Johnson has provided a few additional details, but he has not adequately addressed the shortcomings I outlined in my previous order. *See* ECF 9. He alleges that, on October 7, 2023, Elizabeth Johnson from internal investigations took his property. A month later, he sent her a request asking that his property be returned. She said that she would not be returning the property because a conduct violation was

pending. A hearing took place without Mr. Johnson present. Mr. Johnson does not indicate what he was charged with, but he was found guilty of the charge. He was sanctioned. He does not indicate what sanctions were imposed, but he does indicate that the sanctions did not include depriving him of personal property. He filed an appeal. Mr. Johnson does not indicate the outcome of the appeal.

After the sanctions were imposed, Mr. Johnson again asked Elizabeth Johnson for his property back. She refused. Mr. Johnson indicates that his property contained "medical stuff" and that he has suffered because he does not have that "stuff." ECF 14 at 2. He says he made Elizabeth Johnson aware of this, but she still would not return his property. His property also contained legal "stuff" that he claims he needs to litigate civil cases where he is proceeding without the benefit of counsel. ECF 14 at 4. Mr. Johnson does not identify what the legal property is with particularity. He likewise does not explain how any particular case has been adversely impacted. His Bible was also included in the property that was taken. Mr. Johnson indicates he made the warden and Indiana Department of Correction ("IDOC") aware that he was being deprived of his property unlawfully, and they failed to ensure he was safe and that his rights were not being violated.

Mr. Johnson has sued Elizabeth Johnson, Warden Galipeau, and the IDOC. He claims that the taking of his property violates the Due Process Clause, the Equal Protection Clause, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the First Amendment.

As I have already explained, the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them. Therefore, Mr. Johnson has not stated a due process claim based on the taking of his property.

Regarding his other theories, I told Mr. Johnson to describe the nature of his disciplinary charges, whether he was found guilty, and what sanctions, if any, were imposed. Mr. Johnson has indicated that he was found guilty, but he has not indicated what the nature of the charge was or how he was sanctioned.

I told Mr. Johnson he needed to explain why he believes the Equal Protection Clause has been violated. In his amended complaint, he indicates that he believes his rights under the Equal Protection Clause are being violated because Elizabeth Johnson is allowing all the other inmates to have their property. To state an equal protection claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . .." *Id*. at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)). Mr. Johnson has not identified himself as a member of any particular group – protected or otherwise - that was singled out for disparate treatment by Elizabeth Johnson.

I told Mr. Johnson that he needed to provide more information about his disabilities, the "medical stuff" that was taken, and how he has been impacted. He declined to do so.

I told Mr. Johnson to provide additional information about the "legal stuff" that was taken, the civil cases that he is litigating, and how they have been impacted. He declined to do so.

I told Mr. Johnson he needed to provide more information about his communications with Elizabeth Johnson about his property. I specifically noted that it was, for example, unclear if Elizabeth Johnson knew that there were legal, medical, or religious items in his property that he was requesting or if she knew why he was requesting those items. He indicates only that he is handicapped and has several health conditions, and he "made her aware of this." ECF 14 at 2.

4

Mr. Johnson has again sued Warden Galipeau. I told Mr. Johnson that I needed more information to determine if he could proceed against Warden Galipeau. I indicated, more specifically, that I needed to know more about which of Mr. Johnson's many concerns were communicated to Warden Galipeau, how Mr. Johnson's concerns were communicated, and how Warden Galipeau responded to each particular concern. In response, Mr. Johnson indicates only that he made the warden and IDOC aware that he was being deprived of his property unlawfully.

Mr. Johnson has again named the Indiana Department of Correction as a defendant, but I have already explained that the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, but none are applicable here. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Because the State is immune from suit pursuant to the Eleventh Amendment, Mr. Johnson cannot proceed against the Indiana Department of Correction.

Finally, Mr. Johnson's amended complaint again seeks an emergency injunction to receive his property right away. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

5

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Mr. Johnson's complaint does not state a claim, and his request for a preliminary injunction cannot be granted.

The amended complaint, like Mr. Johnson's earlier complaint, is short on facts, dates, and specifics about the nature of his claims. Based on what it does say, it is not plausible to infer that any constitutional or statutory rights have been violated. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Mr. Johnson believes he can state a claim based on (and consistent with) the events described in this complaint, he may have *one more opportunity* to file an amended complaint addressing the deficiencies outlined in this order, because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

ACCORDINGLY, the court:

(1) GRANTS Christopher M. Johnson until **February 9, 2024**, to file an amended complaint; and

(2) CAUTIONS Christopher M. Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 16, 2024.

                                              /s/ Philip P. Simon
                                              JUDGE
                                              UNITED STATES DISTRICT COURT

---

[1] Pursuant to Northern District of Indiana Local Rule 7-6, Mr. Johnson is required to use this court's Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form.